Chief Judge Breitel (dissenting).
I dissent and vote to reverse and reinstate the supplemental attachment.
Concededly, the reference to the Special Referee was solely to determine whether the supplemental attachment was excessive. Possible constitutional strictures derivable by implication from Carey v Sugar (425 US 73) were not, and are not, applicable to this case, because of Special Term’s determination in the order of reference that, pursuant to the agreements, trust funds were involved. Indeed, the referee in his report stated that he was bound by the holding that trust funds held for the benefit of plaintiff were involved provided they had been received.
The underlying claims involve running accounts, not only between plaintiff and defendant, but between defendant and its overseas licensees. What was owed and what was received were sharply disputed, as disputed as are the briefs submitted on this appeal. It may even be agreed that, as to many of the items, plaintiff, credibility aside, failed to establish by a preponderance of the evidence that it would succeed. On the other hand, as to such disputed issues, and particularly as to those claims where the referee juxtaposed the contradictions between plaintiff’s former principal, Chalpin, and defendant’s *975 principal, Goff, it cannot be said that in the action yet to be tried plaintiff must fail (see Regnell v Page, 82 Misc 2d 506, 510-511 [Fein, J.], decided after the holding Sugar v Curtis Circulation Co., 383 F Supp 643; see, generally, 7A Weinstein-Korn-Miller, NY Civ Prac, par 6223.01 et seq., discussing New York’s attachment statutes in the light of the cloud cast on them by Sugar v Curtis Circulation Co., supra, and Carey v Sugar, supra, especially pars 6223.01, 6223.05, 6223.09).
The point is, as appellant has argued apparently in vain, that the reference was not to determine the case on the merits but, in effect, only to determine whether the attachment was excessive in amount, or, as appellant states it, perhaps mistakenly, whether the attachment was in "good faith”. In so determining, the referee and the courts below should have been sensitive to the preliminary nature of this determination under CPLR 6223; the action had not progressed; there had been no discovery; and complicated interdependent running accounts were involved as to many or most of which plaintiff would be without knowledge of the facts until they had been further explored. An attachment will be of limited use as a provisional remedy if an attaching creditor must, on motion to vacate the attachment, summarily establish his case as if it had been fully tried and determined. That trial and determination was not the referee’s function. He was only to determine whether the supplementary attachment was excessive because the support for it was baseless and plaintiff’s claim must inevitably have failed. Instead, the referee granted the equivalent of summary judgment in a case where there were disputed issues of fact and no pretrial discovery.
It is true that on this appeal plaintiff has argued that the reference was to determine its "good faith” in obtaining the supplemental attachment. That misuse of words of art, of course, is an unfortunate characterization of the reference to determine excessiveness. In fact, however, an intentionally excessive attachment is one taken in "bad faith”. Plaintiff’s linguistic imprecision, if that it be, should not becloud the real issue.
Accordingly, I dissent and vote to reverse and reinstate the supplemental attachment.
Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
*976 Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.